**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR  97211
(503) 525-0193
lacy@onda.org

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
24242 S. Engstrom Rd.
Colton, OR 97017
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, *et al.* | No. 3:19-cv-01550-SI |
| Plaintiffs, | **MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION AND SET CASE SCHEDULE** |
| v. | |
| **BARRY BUSHUE**, State Director, BLM Oregon/Washington, *et al.*, | |
| Defendants, | |
| and | |
| **CAHILL RANCHES, INC.**, an Oregon corporation, | |
| Defendant-Intervenor. | |

# MOTION

Plaintiffs, the Oregon Natural Desert Association, Audubon Society of Portland, and Defenders of Wildlife (collectively "ONDA") move to withdraw their motion for preliminary injunction (ECF No. 57) and respectfully request the Court to issue an order setting a schedule for resolving partial summary judgment as to ONDA's fourth claim for relief. This claim alleges that federal defendants Barry Bushue *et al.* ("the Bureau" or "BLM") have unlawfully withheld closure of 13 specially-designated Key Research Natural Areas ("RNA") as required by the agency's 2015 conservation plan for greater sage-grouse in Oregon. ONDA respectfully requests that the Court order the following schedule:

| | |
|---|---|
| May 10, 2022 | BLM lodges additional administrative record materials. |
| June 3, 2022 | ONDA files motion for partial summary judgment on fourth claim. |
| July 1, 2022 | BLM files its response to ONDA's motion for partial summary judgment on fourth claim. |
| July 8, 2022 | Intervenor files its non-duplicative response to ONDA's motion for partial summary judgment on fourth claim. If further parties are allowed to intervene, all of the intervenors should be limited to a single consolidated brief of 35 pages, or to separate briefs that total 35 pages with the lengths of individual briefs to be decided among the intervenors. |

No cross-motions for partial summary judgment on ONDA's fourth claim are allowed.

| | |
|---|---|
| July 29, 2022 | ONDA files its reply in support of its motion for partial summary judgment. |
| Date TBD | Oral argument |

Pursuant to Local Rule 7-1(a)(1), counsel for ONDA conferred with counsel for the Bureau and counsel for defendant-intervenor, Cahill Ranches, Inc. The parties agreed to the withdrawal of ONDA's preliminary injunction motion and proceeding to brief partial summary judgment; to the Bureau's updating the administrative record by May 10, 2022; and, in principle, to staggered

briefing in which intervenor(s) submit their brief(s) a week after the Bureau's. But the parties were unable to resolve the dispute with regard to the number and sequence of motions for partial summary judgment.

## INTRODUCTION

At the March 28, 2022 oral argument, the Court suggested that the parties forego further proceedings on preliminary injunctive relief and proceed to the merits to expedite a timely resolution of the merits before the 2023 grazing period, with the Bureau and intervenor moving for partial summary judgment as to ONDA's fourth claim for relief and ONDA then cross-moving on that claim. ONDA hereby withdraws its motion for a preliminary injunction and agrees that proceedings should move to the merits of its fourth claim. ONDA proposed a schedule to the Bureau and intervenor, Cahill Ranches, in accordance with the Court's suggestion. During conferral, the Bureau and Cahill argued that ONDA should file its motion for partial summary judgment first because ONDA bears the burden of persuading the Court that the Bureau has unlawfully withheld required agency action, in violation of the Administrative Procedure Act ("APA") standard of review that governs this case. 5 U.S.C. § 706(1).

At the same time, two sets of additional proposed defendant-intervenors are seeking to join the proceedings. ECF Nos. 80, 95. ONDA in its response to the pending motions to intervene urged the Court to set sideboards—principally page length and non-duplicative argument limitations—on all intervenors for the merits briefing on ONDA's fourth claim, because on that issue they are all aligned with each other and the Bureau. ONDA Resp. to Motions to Intervene at 6–8 (ECF No. 107). Absent such limits, there is a risk of redundant arguments, piling-on of excessive filings to the prejudice of plaintiffs, and a delay in the timely resolution of the legal issue raised by ONDA's fourth claim and any relief if ONDA should

prevail on the merits of that claim. *See, e.g.*, Cahill Ranches Reply to ONDA's Response on Mackenzie's and Tree Top's Motions to Intervene at 2 (ECF No. 108) (arguing for "robust" briefing where Bureau plus three separate grazing groups would be allowed up to 35 pages each, and not objecting to ONDA's conceivably then being allowed an unprecedented 140-page reply brief).

ONDA agrees with the Bureau that plaintiffs bear the burden of persuasion on the fourth claim and should move first. In this case—particularly with the multiplying number of intervenors—efficiency, fairness, and the speedy and orderly conduct of justice counsel in favor of the schedule ONDA proposes—specifically, that defendant and intervenor cross motions are unnecessary, and therefore should not be allowed, on the single legal issue involved in ONDA's motion for partial summary judgment. This is consistent with the normal practice on civil motions where one party bears the burden of persuasion.

Cross motions on ONDA's claim that the agency unlawfully withheld the closures ordered in the 2015 land use plan amendments would be inconsistent with ONDA's burden: there is no need for the Bureau (much less grazing permittees) to file and prevail on cross motions for partial summary judgment because this case will be resolved under APA § 706(1) based upon review of materials in an administrative record and, as the Court observed, undisputed material facts. The Bureau's failure or refusal to complete the Key RNA closures is presumed to be valid unless ONDA satisfies its burden of showing the agency has "failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*"). By demanding that they be allowed to cross-move, the Bureau and permittees merely want to get the last word in briefing. But, in ordinary civil litigation, both the first and last words should go to the party with the burden of persuasion—here, ONDA.

## ARGUMENT

ONDA's fourth claim is subject to judicial review under the APA, which authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "Agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*." *Id.* § 551(13) (emphasis added.) The APA provides relief for a failure to act in § 706(1): "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." The Supreme Court has explained that action can thus be compelled "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *SUWA*, 542 U.S. at 64. Here, ONDA argues the Key RNA closure requirement is "discrete" and "legally required" because the Bureau's 2015 Record of Decision defined the closures as "Immediate Decisions" that "go into effect when the ROD is signed" and "require no additional analysis," and the 2015 ARMPA adopted completely the management requirements described in the 2015 FEIS, including the provision that the Key RNAs "would be unavailable for grazing within 5 years." *See* ONDA Reply in Support of Mot. for TRO (ECF No. 75) at 5, 11, 15–16 (outlining legal argument on the merits).

ONDA and the Bureau agree that ONDA has the burden of showing an agency has unlawfully withheld agency action. "To prevail on a failure to act claim, *Plaintiffs must demonstrate* that: (1) the agency had a nondiscretionary duty to act; and (2) the agency either unreasonably delayed or unlawfully withheld an action on that duty." *Californians for Renewable Energy v. U.S. EPA*, No. C 15-3292 SBA, 2018 WL 1586211, *9 (N.D. Cal. Mar. 30, 2018) (emphasis added); *see also Ctr. for Food Safety v. Hamburg*, 954 F. Supp. 2d 965, 968 (N.D. Cal. 2013) ("In a failure to act case, a court can compel agency action unlawfully withheld

or unreasonably delayed . . . if *the plaintiff makes a showing* of agency recalcitrance . . . in the face of clear statutory duty or . . . of such a magnitude that it amounts to an abdication of statutory responsibility.") (emphasis added, internal quotation marks omitted; citing *SUWA* and *ONRC Action v. Bureau of Land Mgmt*., 150 F.3d 1132, 1137 (9th Cir.1998)); *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1093 (E.D. Cal. 2016) ("To be granted relief under Section 706(1), a plaintiff must first show that an agency delayed or withheld a discrete action that the agency was legally required to take.") (citing *SUWA*, 542 U.S. at 64).

In similar cases involving review under the APA, courts have adopted schedules comparable to what ONDA proposes to promote efficiency and recognize the plaintiffs' burden of persuasion. *See, e.g.*, *Nat. Grocers v. Perdue*, No. 20-cv-05151-JD, 2021 WL 6805883, *1 (N.D. Cal. June 29, 2021) ("The parties are advised that cross-motions for summary judgment are disfavored because they needlessly multiply the proceedings with little substantive value. The proposed scheduling order should contemplate one summary judgment motion by plaintiffs, who carry the burden of persuasion, and a response by the government and/or intervenors."). It makes particular sense to streamline the briefing as ONDA proposes because this case involves a claim governed by APA § 706(1) that the agency has unlawfully withheld an action, rather than a challenge to a final agency action under APA § 706(2)(A). Streamlining the briefing here would be consistent with ordinary civil motion practice and also would expedite resolution of the merits of ONDA's fourth claim. This will ensure that—if ONDA prevails—there is ample time for determining the proper remedy so that the agency and intervenors have the maximum possible time to take appropriate action before grazing turnout would otherwise begin in 2023.

Because ONDA bears the burden of persuasion, it makes sense that ONDA is entitled to the final brief on reply. To allow the Bureau and potentially multiple groups of industry

intervenors to have the final word would be contrary to this basic tenet of civil litigation. *See* Local Rule 7-1(f) (allowing response and reply, but no further briefing, such as a sur-reply, except by leave of the Court for motions for summary judgment under Fed. R. Civ. P. 56). If ONDA loses its motion for partial summary judgment, the case (at least as to the fourth claim for relief) would be at an end. *Cf. Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) (agency action is "entitled to a presumption of regularity"); *WildEarth Guardians v. Chao*, 454 F. Supp. 3d 944, 948–52 (D. Mont. 2020) (surveying cases under § 706(1) and concluding, "Ultimately, § 706(1) presents a narrow avenue of relief when an agency refuses to act in the face of a discrete, legally required duty.").

Moreover, because ONDA's fourth claim presents a narrow legal issue and the Court's review will be based largely, if not entirely, upon materials in the administrative record lodged by the agency,[1] this is not a proceeding in which the defendant must win summary judgment showing that there is "no genuine issue as to any material fact" remaining to be resolved through trial to terminate the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The Bureau's and permittee's insistence on cross-motions is just an effort to get the last word in the briefing—something to which they are not entitled in view of ONDA's burden to demonstrate the unlawfulness of the Bureau's inaction. There is no need for the Bureau and intervenor to submit cross-motions, when simply defeating ONDA's motion would confirm that the Bureau has not unlawfully withheld agency action. And neither the Bureau nor the intervenor has

---

[1] In APA § 706(1) cases, "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). Here, however, the Bureau has already lodged an administrative record that contains most of the materials the Court will need to review to resolve the merits of ONDA's fourth claim, and has agreed to lodge additional materials—such as additional documents related to the 2015 ARMPA decision—that are indisputably relevant to ONDA's fourth claim.

asserted any affirmative defenses (which might warrant their filing a *first* cross-motion to address any such threshold jurisdictional or other issues). *See* ECF Nos. 37, 38 (answers to ONDA's Second Amended Complaint).

In short, the end result of ONDA's proposal is fewer briefs, a shorter briefing schedule, and conservation of party and Court resources in expeditiously resolving ONDA's case. Plus, with two new groups of grazing permittees seeking to join Cahill Ranches as defendant-intervenors, ONDA's proposal would roughly even out the total number of pages allowed for each "side" on the merits. This would avoid the "piling on" effect that would result if there were four sets of defendant-side briefs and they were also allowed to file additional reply briefs after ONDA. *See, e.g.*, *Shoshone-Bannock Tribes of Fort Hall Rsrv. v. U.S. Dep't of Interior*, No. CV 10-04-E-BLW, 2010 WL 3173108, *1 (D. Idaho Aug. 10, 2010) (concern about whether "intervention may lead to redundant arguments and a 'piling on' effect").

## CONCLUSION

For these reasons, the Court should issue an order setting the case schedule set out above for resolving ONDA's motion for partial summary judgment on its fourth claim for relief.

Respectfully submitted this 18th day of April, 2022.

                                                                          s/ Peter M. Lacy
                                                    _____

                                                    Peter M. Lacy
                                                   Oregon Natural Desert Association

                                                   Of Attorneys for Plaintiffs