**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR  97211
(503) 525-0193
lacy@onda.org

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
24242 S. Engstrom Rd.
Colton, OR 97017
(503) 388-9160
davebeckerlaw@gmail.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, *et al.* | No. 3:19-cv-1550-SI |
| Plaintiffs, | |
| v. | **APPLICATION FOR AN AWARD OF COSTS, FEES, AND OTHER EXPENSES UNDER EAJA** |
| **BARRY BUSHUE**, State Director, BLM Oregon/Washington, *et al.*, | |
| Federal Defendants, | |
| and | |
| **CAHILL RANCHES, INC.**, | |
| Defendant-Intervenor, | |
| and | |
| **TREE TOP RANCHES, LIMITED** | |

**PARTNERSHIP**,

                Defendant-Intervenor.

## INTRODUCTION

Plaintiffs Oregon Natural Desert Association, Bird Alliance of Oregon, and Defenders of Wildlife (collectively "ONDA") submit this application for an award of costs, fees, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*. However, by separate unopposed motion, filed concurrently with this petition, ONDA requests that the Court not take action on this application at this time. ONDA and Federal Defendants ("BLM" or "Bureau") are in negotiations regarding ONDA's claims for fees and expenses. They are trying to reach an agreement without the need for any further action by this Court. *See* Joint Status Report (ECF 211) at 3. Accordingly, ONDA asks in its concurrently filed motion to stay further proceedings and proposes that, by April 18, 2025, ONDA and BLM will submit a Joint Status Report to the Court. Should these settlement negotiations fail, ONDA and BLM would include in that report a proposed schedule for further proceedings, and ONDA would amend this application and support it with all remaining required documentation. *See United States v. Hristov*, 396 F.3d 1044 (9th Cir. 2005) (petitioner can amend a timely-filed motion for attorney fees after statutory deadline has passed).

## ARGUMENT

### I. CONGRESS DESIGNED EAJA TO COMPENSATE PLAINTIFFS WHO ENFORCE THE GOVERNMENT'S COMPLIANCE WITH THE LAW.

EAJA provides that "a court shall award . . . fees and other expenses" to a "prevailing party" in proceedings for judicial review of agency action. 28 U.S.C. §2412(d)(1)(A). "A prevailing party is entitled to an award of attorneys' fees unless the position of the agency was

substantially justified . . . or special circumstances make an award unjust." *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996). "The specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

## II.  THIS APPLICATION IS TIMELY.

This Court entered Judgment (ECF 210) in favor of ONDA on March 4, 2025, on the sole Claim for Relief in the Third Amended Complaint (ECF 206). Under EAJA, a claimant must file its fees application "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes 'non appealable'—*i.e.*, 30 days after the time for appeal has ended.") (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G)); Fed. R. App. P. 4(a) (providing that, in a civil case where the federal government is a party, the time for appeal runs for 60 days after entry of judgment). The deadline for filing an appeal is May 5, 2025. Accordingly, this application is timely.

## III.  ONDA IS *ELIGIBLE* FOR AN AWARD UNDER EAJA.

A litigant is eligible for an award under EAJA if it is (1) a "prevailing party" (2) that meets applicable size and 501(c)(3) non-profit criteria. 28 U.S.C. § 2412(d)(1)(B). A party prevails if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the Court granted partial summary judgment to ONDA in 2022, holding that the Bureau had unreasonably delayed implementing closures of key Research Natural Areas on BLM-managed public lands in eastern Oregon, and ordering the agency to complete the closures "without further delay." *Or. Nat. Desert Ass'n v. Bushue*, 644 F. Supp. 3d 813, 844 (D. Or. 2022)

(ECF 148). In 2023 and 2024, the Bureau agreed to keep livestock out of the key RNAs pursuant to a court-ordered Stipulated Remedy, *see* Order Adopting Stipulated Remedy (ECF 177) and Joint Report on Implementation of the Stipulated Remedy (ECF 191), while the agency undertook additional public processes needed to implement the grazing closures mandated by the 2015 ARMPA. Ultimately, ONDA achieved the precise benefit it sought in bringing the suit: blocking the Bureau's 2019 attempt to roll back the 2015 research closures and securing court-ordered relief requiring the agency to take steps to finally implement the closures. *See* Houston Decl. ¶ 14 (statement of executive director, filed herewith). The three plaintiffs also all meet EAJA's size and 501(c)(3) criteria because they were designated as 501(c)(3) tax-exempt organizations and had fewer than 500 employees at the time this action was filed. *See* Houston Decl. ¶ 2 (describing same).

    **IV.**    **ONDA IS *ENTITLED* TO AN AWARD UNDER EAJA.**

"Once a party's eligibility has been proven, an award of fees under EAJA is mandatory unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991). "The burden is on the agency to prove that its position was substantially justified." *Mendenhall*, 92 F.3d at 874. To meet this burden, the agency must prove that its position had a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 556 (1988). Here, the position of the United States was not substantially justified, and no special circumstances exist that would make an award unjust.

    The Court observed that the leading Supreme Court case on the type of "unreasonable delay" claim at issue in this case, *Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004), was decided long before the Bureau issued its 2015 sage-grouse plan and made clear that a land use plan provision can be enforced as a "discrete" agency action that is "legally required." *See*

*Bushue*, 644 F. Supp. 3d at 832. The Bureau "cite[d] no authority" to support its "non-discrete" action argument, and its argument was in any event "logically incompatible with" the National Environmental Policy Act ("NEPA") decision-making context of the case. *Id*. at 835. An agency's position is not substantially justified where it is unable to cite any legal authority to support an otherwise illogical position.

Applying the six-factor *TRAC* standard, this Court held that the "key RNA closures have been unreasonably delayed" and ONDA was "entitled to relief under § 706(1)." *Bushue*, 644 F. Supp. 3d at 844 (applying the factors established in *Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984)). The Court found that "BLM's delay has not been one of weeks or months, but of years," and "[t]he absence of any target fiscal year timeline for key RNA closure, the protruded timelines for NEPA review, and the failure to make final grazing decisions suggest that BLM has committed to a roadmap for further delay." *Id*. at 841 (internal quotation marks omitted). "In comparing expectations to reality, the rule of reason tip[s] sharply in favor of granting the requested relief." *Id*. (internal quotation marks omitted). The Bureau's delay "prevent[ed] the collection of unique and unavailable data that will foster scientific management of grazed lands and promote the sage-grouse's survival." *Id*. at 842. This "significant public good" outweighed the "miniscule area unavailable to grazing" in eastern Oregon. *Id*.

The Court then issued an order approving the Stipulated Remedy providing "a detailed plan for immediate, intermediate, and permanent actions to carry out the key RNA closures." *Or. Nat. Desert Ass'n v. Bushue*, 672 F. Supp. 3d 1101, 1107 (D. Or. 2023); *see also Bushue* 644 F. Supp. 3d at 844 ("Until the Court has issued its Order on remedy, BLM may not further authorize grazing on any portions of the 13 key RNAs designated unavailable to grazing."). The Court explained that the Stipulated Remedy provided "assurance to the Court and Plaintiffs that

BLM will make the specified portions of the key RNAs unavailable to livestock grazing." 672 F. Supp. 3d at 1106.

Because the Bureau's delay was "unreasonable" it was, by definition, not substantially justified. And because no other special circumstances exist that would make an award unjust, an award of fees under EAJA is "mandatory." *Love*, 924 F.2d at 1495; *see also Or. Nat. Desert Ass'n v. Rose*, 845 F. App'x 700 (9th Cir. 2021) (where Bureau failed to gather adequate baseline information under NEPA, and ONDA secured relief in its favor following success on the merits, the "government did not meet its burden to show that the agency's conduct and subsequent litigation position were substantially justified").

## V. ONDA'S COSTS, FEES, AND OTHER EXPENSES ARE REASONABLE.

ONDA seeks a total of $1,051.204.25 in attorney fees for 1,864.2 hours of compensable work, plus $15,873.00 for 81.4 hours of compensable law clerk work. *See* Decl. of Peter M. Lacy (Exhibit A, summarizing totals) (filed herewith). ONDA reserves the right to amend its application if settlement negotiations are unsuccessful. *See Hristov*, 396 F.3d at 1045 (timely filed fee petition may later be amended under the "relation back" doctrine). Under such circumstances, ONDA will seek additional amounts to cover its time and any costs for litigating this issue. *See Love*, 924 F.2d at 1497.

EAJA provides that a court shall award "reasonable attorney fees" to a prevailing party. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of*

*Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

ONDA's attorneys have invested thousands of hours, reaching back to 2015, in their efforts to prosecute this case at multiple successive stages. These attorneys judiciously completed compensable activities, including reviewing the record, researching claims and arguments, undertaking case management activities, drafting pleadings, motions and briefs, working closely with experts and consultants, preparing for and conducting oral arguments, and undertaking court-ordered remedy proceedings. Lacy Decl. ¶¶ 2–3. ONDA's attorneys' time-keeping records are itemized by task and recorded at six-minute increments. *See id*. ¶ 2. "Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see also* Houston Decl. ¶ 14 ("ONDA and its co-plaintiffs have achieved everything we set out to do when we filed this case").

ONDA is entitled to market rates above the EAJA statutory rate. EAJA sets a base rate of $125 per hour, adjusted upward for inflation to account for cost-of-living increases. "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which the counsel's work was performed." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). EAJA provides for higher rates based on a "special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision "refers to attorneys having some distinct knowledge or specialized skill needful for the litigation in question." *Pierce*, 487 U.S. at 572. Environmental litigation is a recognized practice specialty meriting market rates above the EAJA statutory cap. *Nat. Res. Def. Council v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008). In addition to having specialized skills required by the

litigation, these skills "must not be available elsewhere at the statutory rate." *Id*. at 1158.

This case required distinctive knowledge and specialized skill in the area of federal environmental litigation involving complex issues arising under the Administrative Procedure Act, NEPA, and the Federal Land Policy and Management Act ("FLPMA"). ONDA's attorneys possess unique and specialized expertise in environmental litigation of this type. *See* Lacy Decl. ¶¶ 4–8, 15–18; Houston Decl. ¶¶ 4–11. Qualified attorneys with the distinctive knowledge and specialized skills that were necessary for success in this case were not available at the EAJA rate. *See* Houston Decl. ¶¶ 3–4, 6, 11; Lacy Decl. ¶ 19.

EAJA also authorizes an award of "costs" as enumerated at 28 U.S.C. § 1920 and 28 U.S.C. § 2412(a)(1), as well as "other expenses," which encompasses "the reasonable expenses of expert witnesses." *Id*. §§ 2412(d)(1)(A), (d)(2)(A). The Ninth Circuit also has interpreted "other expenses" under EAJA to include expenses normally billed to a client, such as telephone calls, postage, and attorney travel expenses. *See Int'l Woodworkers, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985). ONDA seeks $13,007.06 in expenses related to GIS analysis and other work by experts and consultants essential to this successful litigation, and $1,253.95 in other expenses (fees, copies, and so forth) reasonably incurred in this litigation. Exhibit A to Mr. Lacy's declaration provides an overview of ONDA's total time, fees, costs, and expenses incurred and sought. *See also* Lacy Decl. ¶ 20 (describing same).

## CONCLUSION

The Court should grant ONDA's unopposed request to stay further proceedings on this fee application and order that ONDA and BLM file a joint status report by April 18, 2025, as set forth in the concurrently filed motion. Should the parties' settlement negotiations fail, and based

on the briefing and materials ONDA will file to amend this application, this Court should grant ONDA's application for costs, fees, and other expenses pursuant to EAJA.

Respectfully submitted this 21st day of March, 2025.

                                                                                          s/ Peter M. Lacy
                                                              _____

                                                              Peter M. Lacy
                                                             Oregon Natural Desert Association

                                                             *Of Attorneys for Plaintiffs*