**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Ste. 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
24242 S. Engstrom Rd.
Colton, OR 97017
(503) 388-9160
davebeckerlaw@gmail.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, *et al.* | No. 3:19-cv-1550-SI |
| Plaintiffs, | |
| v. | **DECLARATION OF PETER M. LACY** |
| **BARRY BUSHUE**, State Director, BLM Oregon/Washington, *et al.*, | |
| Federal Defendants, | |
| and | |
| **CAHILL RANCHES, INC.**, | |
| Defendant-Intervenor, | |
| and | |
| **TREE TOP RANCHES, LIMITED** | |

**PARTNERSHIP**,

                Defendant-Intervenor.

I, PETER M. LACY, state and declare as follows:

      1.      The following matters are personally known to me and, if called as a witness, I would and could truthfully testify thereto. I make this declaration in support of the application for an award of attorney fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.*, submitted by plaintiffs Oregon Natural Desert Association, Bird Alliance of Oregon, and Defenders of Wildlife.

## ATTORNEYS

      2.      I have served as lead counsel in this matter from its inception, working with co-counsel David Becker. As ONDA's executive director, Ryan Houston, explains in his concurrently filed declaration, we also retained the service of attorney Elizabeth Potter to assist Mr. Becker while I was on sabbatical for two months in 2022 and 2023. We contemporaneously compiled the hours we spent litigating this matter, recording our time by task and in six-minute increments. I attach to this declaration, as Exhibit A, a table providing an overview of all of the costs, fees, and other expenses incurred and sought in this matter. If it becomes necessary to fully brief this EAJA application, we would submit detailed time and expense records as part of an amended application.

      3.      Throughout this case, ONDA's attorneys exercised professional judgment in recording time, including by eliminating unnecessary, redundant, or duplicative entries. As lead attorney, I have also supervised all other attorneys and law clerks that have worked on this case and have reviewed their time records prior to making this declaration. After carefully reviewing my time entries for this case, as well as the entries for my co-counsel and law clerks, it is my

opinion that the total hours expended is reasonable given the amount of work performed and the results obtained.

    4.       I am entitled to market rates above the EAJA statutory rate because of my unique expertise and experience in environmental law, administrative law, and federal court practice. I have been ONDA's attorney since 2001. During my 24 years of practice, I have developed expertise in environmental and public interest litigation, administrative law and process, trial and appellate court practice and procedure, fee recovery, and also client counseling unique to my role as long-time in-house counsel for ONDA. I am lead or co-counsel on all of ONDA's active litigation as well as administrative actions pending before government agencies or administrative bodies. The specialized knowledge and skills I possess were necessary for this case and were not available to ONDA at the EAJA rate.

    5.       Mr. Becker is similarly entitled to market rates above the EAJA statutory rate. He has extensive expertise and an exclusive practice specialization in federal environmental litigation, which he has been practicing for 26 years, including the last 20 years on behalf of environmental public interest clients. Mr. Becker has represented ONDA on dozens of matters since 2005. His ability and capacity to absorb an enormous amount of information in a short amount of time, synthesize that information, and develop and litigate a case over time is unparalleled.

    6.       Ms. Potter is similarly entitled to market rates above the EAJA statutory rate. She is a staff attorney at Advocates for the West, perhaps the premier small non-profit environmental law firm in America. She has been on staff at Advocates since 2015 and has established a well-earned reputation as one of the best public interest environmental attorneys in her experience

cohort. In her career, she has won or successfully settled more than two dozen environmental cases in federal and state courts.

7.  Mr. Becker and I, in particular, have a well-established reputation as a highly efficient and effective legal team. We have worked together successfully on many legal actions for ONDA over the course of 20 years now. As then-Chief Judge Haggerty noted in one fee award decision:

> [T]he court does not believe that they spent too much time on this case. . . . This is not a case where multiple senior partners at a high priced firm are driving up fees unnecessarily. This was an environmental case and justified the use of attorneys learned in environmental law. All in all, the fees are not particularly high given the size and duration of this case. It is safe to say that if a large firm had handled this case, the fees would have been an order of magnitude larger.

*Or. Nat. Desert Ass'n v. Vilsack*, No. 2:07-cv-1871-HA, 2013 WL 3348428, *5 (D. Or. July 2, 2013). I believe the same thing has proven to be true once again in this case.

8.  If briefing on ONDA's fees application becomes necessary, ONDA intends to submit additional declarations and other materials supporting, among other things, the reasonableness of the rates and hours sought and that specialized knowledge and skills were necessary for this case.

## LAW CLERKS

9.  ONDA also benefitted from the efforts of two student law clerks, Juan Pablo San Emeterio and Madeline Munson, who assisted with legal research, review of evidence and administrative records, drafting pleadings, and other legal tasks. Mr. San Emeterio and Ms. Munson were both rising 3L students at Lewis & Clark Law School when they worked on this matter. Lewis & Clark has a national reputation as one of the nation's top environmental law programs, and each student had completed extensive environmental law coursework prior to and during their work on this matter. I undertook a full review of Mr. San Emeterio's and Ms.

Munson's time sheets and found them to contain no tasks or entries that should be eliminated or reduced for any reason.

## OTHER EXPERTS AND CONSULTANTS

10. ONDA also engaged the services of two consultants: expert ecologist, Dr. Boone Kauffman, and GIS analyst, Dr. Craig Miller. Dr. Kauffman and Dr. Miller prepared studies, reports, and analyses that were necessary for the preparation of the various stages of ONDA's case and essential to its successful outcome. These costs and other expenses were necessary to provide the Court with objective scientific evidence, help ONDA analyze and refute potential adverse impacts that the Bureau and grazing permittees argued would result if the RNA closures were implemented, and assess the Bureau's grazing, fencing, and compliance checks proposals for the Stipulated Remedy.

   a. Dr. J. Boone Kauffman, Ph.D., is a professional ecologist with nearly 50 years of experience studying fire ecology, riparian ecology and management, and how livestock influence rangeland and sagebrush ecosystems. He provided two declarations ([ECF 58](ECF 58) and [ECF 77](ECF 77)) explaining why scientific research in ungrazed key RNAs, as called for in the 2015 ARMPA, was a crucial piece of the Bureau's strategy for managing sagebrush habitat and keeping the sage-grouse from going extinct, and why we cannot afford further delay in implementing the closures.

   b. Dr. Craig Miller, M.D., is an experienced GIS analyst and former emergency room physician. In coordination with ONDA's attorneys and conservation staff, Dr. Miller reviewed and prepared detailed maps, spatial analyses, tables, images, and GIS data that were essential to ONDA's efforts to evaluate and illustrate the potential impacts of the Bureau's various plans—especially during the remedial

phase of the case—for fencing or otherwise keeping livestock out of the portions of the key RNAs closed to grazing. Among other things, Dr. Miller's work was critical to ONDA's ability to ground-truth and assess the Bureau's detailed management proposals in negotiating the court-approved Stipulated Remedy.

## HOURS REQUESTED

11.    As noted, ONDA's counsel contemporaneously compiled the hours we spent litigating this action. I attach a summary of the hours spent as Exhibit A. As noted, I will provide detailed timesheets if the parties cannot settle and it becomes necessary to amend and litigate this fee petition. Throughout this case, I and my co-counsel have exercised professional billing judgment in recording our time. In carefully reviewing our time records in preparing this fee petition, we eliminated or reduced time spent on, among other things, certain clerical tasks, media work, and other tasks. I note, however, that some such work may be compensable. I also note that we reduced certain tasks that we performed but which, in a larger firm, are ordinarily performed by paralegals or law clerks, to the paralegal/law clerk rate.

12.    ONDA's attorneys and law clerks have spent a total of 2,149.8 hours on this case, to date. Based on billing judgment review, however, we have "no charged" 204.2 of those hours for certain tasks we found to be unnecessarily duplicative or not directly related to the litigation (as described above)—thus reducing the number of hours sought to 1,945.6 hours. In addition to reviewing my own contemporaneous time records, as lead attorney I have also carefully reviewed those of Mr. Becker and Ms. Potter, and I feel very comfortable representing that the hours requested by these attorneys are reasonable.

//

//

## HOURLY RATES

13. In the Ninth Circuit, the EAJA rate of $125 per hour is adjusted upward to account for cost-of-living increases since 1996. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (describing how to calculate cost-of-living increases using CPI-U data from the Bureau of Labor Statistics). The inflation-adjusted EAJA rates over the last ten years are: $192.68 for 2015; $196.79 for 2017; $201.60 for 2018; $205.25 for 2019; $207.78 for 2020; $217.54 for 2021; $234.95 for 2022; $244.62 for 2023; and $251.84 for 2024. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

14. In addition to the cost-of-living adjustment, EAJA provides that a court may award market rates above the EAJA statutory cap if a "special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the Ninth Circuit, market rates above the EAJA statutory cap are justified if three requirements are satisfied: "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). The Ninth Circuit recognizes environmental litigation as a practice specialty meriting market rates above the EAJA statutory cap. *See Nat. Res. Def. Council v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008).

15. I possess the distinctive knowledge and specialized skills necessary to claim a practice specialty in environmental and natural resources law. Since beginning my practice in 2001, I have worked exclusively in this field, having handled numerous cases on behalf of ONDA and dozens of other clients involving application of NEPA, FLPMA, the APA, and other relevant statutes for projects and management plans authorized by federal agencies—the BLM in

particular. This case required my particularized knowledge of these statutes as they apply to public land management on habitat for greater sage-grouse in eastern Oregon. The same is true for Mr. Becker and Ms. Potter, both of whom also specialize and practice exclusively in environmental and natural resources law. Like me, both Mr. Becker and Ms. Potter have represented dozens of clients in complex environmental cases challenging federal and state agency actions (and inaction), and most of their cases involve BLM-managed public lands and resources.

16. In light of my and my co-counsels' distinctive knowledge and skill, and our reputation and expertise, our requested rates, which are reasonable for the Portland forum market, for the years each attorney worked on this case, are:

| YEAR | LACY | BECKER | POTTER |
|------|------|--------|--------|
| 2015 | $390 | | |
| 2016 | $400 | | |
| 2017 | $415 | $435 | |
| 2018 | $440 | | |
| 2019 | $455 | $475 | |
| 2020 | $475 | $525 | |
| 2021 | $525 | $565 | |
| 2022 | $570 | $590 | $475 |
| 2023 | $615 | $635 | $520 |
| 2024 | $640 | $660 | |
| 2025 | $675 | $695 | |

17. Since I started practicing environmental law in 2001, I have become familiar with the work and billing practices of many attorneys who practice environmental law in the Pacific Northwest and throughout the districts that make up the Ninth Circuit, including the District of Oregon. I regularly review relevant court decisions, undertake my own independent research,

and correspond with colleagues regarding the market rates for lawyers with similar skill and experience.

18. Based on my work on and review of this case, and my personal knowledge of attorney billing practices, I believe that the hourly rates listed above are reasonable for attorneys of comparable skill and experience for this type of case. If anything, the rates I and my co-counsel are requesting are somewhat below market rates that are charged by attorneys of comparable skill and experience. Courts have awarded Mr. Becker and me, in particular, these requested rates on a number of occasions over the years. In fact, Mr. Becker and I have never had a court deny or adjust our requested market rates (above the EAJA statutory cap) under EAJA or any other fee-shifting statute, in our combined 50 years of practice.

19. The skills and expertise necessary to prosecute this case would not be available elsewhere at EAJA's statutory rate of $125 per hour (as adjusted for inflation). ONDA's executive director, Ryan Houston, addresses this in his concurrently filed declaration.

## COSTS AND OTHER EXPENSES

20. As shown on the attached summary sheet (Exhibit A), ONDA seeks $1,253.95 for fees, copying, postage, and other recoverable costs, and $13,007.06 for the services of two expert consultants, Dr. Kauffman and Dr. Miller, whose services were instrumental to ONDA's success. These costs are reasonable and typical of the types of costs that are routinely charged to clients in everyday practice.

## CONCLUSION

21. I attest that all of the information submitted to the Court in support of ONDA's fee application is accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of March, 2025.

Respectfully submitted,

s/ Peter M. Lacy

_____
Peter M. Lacy
Oregon Natural Desert Association

Of Attorneys for Plaintiffs