**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION**; **AUDUBON SOCIETY OF PORTLAND**; and **DEFENDERS OF WILDLIFE**, | Case No. 3:19-cv-1550-SI |
| Plaintiffs, | **ORDER** |
| v. | |
| **BARRY BUSHUE**, State Director of BLM Oregon/Washington; and **BUREAU OF LAND MANAGEMENT**, an agency of the United States Department of Interior; **DAVID BERNHARDT**, in his official capacity as Secretary of the United States Department of the Interior; and **WILLIAM PERRY PENDLEY**, in his official capacity as the person exercising authority of the Director of the Bureau of Land Management, | |
| Defendants, | |
| and | |
| **CAHILL RANCHES INC.**; **ROCKING CLUB CATTLE, LLC**; **V BOX LAND & LIVESTOCK, INC.**; and **TREE TOP RANCHES, LP**, | |
| Defendant-Intervenors. | |

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

"The government bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)). In this Circuit, "substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it has a reasonable basis in law and fact." *Id.* (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988)) (alteration in original); *see also Al-Harbi v. INS,* 284 F.3d 1080, 1084 (9th Cir. 2002) ("'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259. The government's failure to prevail in its position on the underlying issues is not

PAGE 2 – ORDER

dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi*, 284 F.3d at 1085).

Here, the agency's decision was substantially justified, and so an award of fees under EAJA is inappropriate. Though BLM did not prevail, suits to compel action under 5 U.S.C. § 706(1) are rare. Thus, the available precedent on a key dispositive issue—determining what actions are required under an agency's land use plan—is thin and varied. Indeed, as this Court noted, at the time of the litigation for which ONDA now seeks fees, "[t]here [was] no clear precedent for identifying actions within land use plans as discrete agency actions." ECF 148 at 23. Moreover, the precedent that did exist was not uniform, with courts employing multiple approaches. *Id*. Under these circumstances it is difficult to conclude that the agency's position was not substantially justified. Even if BLM ultimately did not prevail, "a reasonable person could think it correct" that, when a controlling land use plan does not specify how to complete required land closures, and does not include a specific timeline for closure, the closure is not required by law, as Defendants argued in the underlying case. *See* ECF 148 at 27; *Pierce*, 487 U.S. at 566 n.2.

PAGE 3 – ORDER

Plaintiff's primary argument is that Defendants' actions were not substantially justified because the Court found that Defendants had unreasonably delayed the land closure at issue. ECF 220 at 8-10. That conclusion, however, hinged on the underlying holding that the closure was a discrete agency action required by law, thus making it amenable to judicial review. The Court could not have found that BLM unreasonably delayed the land closures had it not first found that the law required the closures. The legal landscape surrounding the threshold question of whether BLM's failure to act was a discrete action required by law was not entirely clear. Thus, for the reasons discussed above, Defendants' position was substantially justified.

Because the Court finds that Defendants' position was substantially justified, it need not address whether Plaintiffs' costs, fees, and other expenses are reasonable.

The Court DENIES Plaintiffs' Amended Application for Fees Pursuant to EAJA, ECF 220.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER